GAZTAMBIDE, PLAINTIFF AND APPELLEE, v. MUNICIPALITY OF
SABANA GRANDE, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action
Concerning Boundaries of Property.

No. 1526.—Decided March 12, 1917.

BOUNDARIES—ACQUIESCENCE—RESERVATION OF RIGHTS—JUDGMENT.—When a de-
fendant acquiesces in a complaint, asking that certain rights be reserved
to him, and the other party does not object and the reservation is not con-
trary to law, the same should be set out in the judgment.

ID.—ID.—COSTS—ATTORNEY FEES—DISCRETION OF COURT—TEMERITY.—The impo-
sition of costs, disbursements and attorney fees lies in the sound discretion
of the court which renders the judgment; but according to the statutes
governing the matter (Acts of 1908, p. 50), in order that such discretion
may be exercised there must be some degree of temerity on the part of
the party upon whom they are imposed. There is no degree of temerity
on the part of a defendant who acquiesces in the prayer of a plaintiff
that a boundary be established when it is not alleged that the former had
objected to the same previously and for that reason the latter was obliged
to bring the action. It is natural that the party who prays for and obtains
the establishment of the boundary in such circumstances should pay the
expenses occasioned thereby.

The facts are stated in the opinion.

*Mr. Benito Forés* for the appellant.

*Mr. José E. Benedicto* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

José Ramón Gaztambide filed a complaint in the District
Court of Mayagüez alleging that he was the owner of a house
and lot, the latter measuring 17 by 35 meters; that defend-
ant Santalis was the owner of another house erected on a
lot belonging to the municipality of Sabana Grande which
adjoined the plaintiff's property, and that as there were no
visible landmarks between the two properties definitely indi-
cating and determining the respective boundaries, he found
it "necessary to establish in a clear and unmistakable man-
ner the true boundary line between his and the defendant's
property."

The defendant municipal council of Sabana Grande de-
murred to the complaint on the ground that it did not adduce

facts sufficient to constitute a cause of action, but later acquiesced in the prayer for a survey, "reserving to itself any rights which it might have in the property of plaintiff Gaztambide." Santalis was eliminated as a party defendant because his house had been destroyed by fire.

In view of the agreement between the parties, the court ordered the survey, which was made by surveyor Boucher, and no objection having been made to the surveyor's report, the said court approved it and entered judgment holding that "Gaztambide's masonry building occupies only 14.60 meters of the 17 meters which by the deed his lot is shown to measure on the front, and, therefore, the alley separating the plaintiff's house from the house belonging to the Santalis succession, which is about 2.40 meters wide, belongs to the plaintiff; without special imposition of costs."

Ten days after the rendition of the said judgment the court reconsidered the same and ordered that the bill for traveling expenses and fees presented by surveyor Boucher, amounting to fifty dollars, should be paid by the parties in equal parts.

The defendant municipality appealed from the judgment and from the order made on reconsideration, and alleged before this court that the district court erred (1) in holding improperly regarding the property and determining the ownership of the alley between the properties surveyed, and (2) in imposing half of the expenses of the survey upon the defendant.

1. As to the first point, we are of the opinion that the appellant is right. There was no trial of the case. The order for the survey was based on the acquiescence of the defendant in the complaint, but such acquiescence was made on the condition that the rights which the defendant might have in the plaintiff's property should be reserved to it. The rights of a municipality are involved and it seems that

it raised no objection to the dimensions of the lot occupied by the plaintiff, but perhaps there might be some question as to whether the plaintiff owned the property or simply had a right of usufruct, the ownership title being in the municipality. The plaintiff did not object to the form of the defendant's acquiescence. On the contrary, it is deduced from the record that all was well understood.

This being so, we think it just that the judgment appealed from should be modified by expressly including therein the said reservation.

2. As to the second assignment, we think that the district court exceeded its authority in requiring the defendant to pay half of the expenses.

The imposition of costs, disbursements and attorney fees rests in the sound discretion of the court which renders the judgment, but the statute governing the matter (Laws of 1908, p. 85) provides that in order to exercise such discretion there must be some degree of blame on the part of the party against whom judgment is rendered, and we are unable to discover in the present case any degree of blame on the part of the municipality which acquiesced in the claim of the plaintiff. Besides, it was not alleged in the complaint that the defendant municipality had opposed the survey and that the plaintiff, for that reason, had been obliged to resort to a court; and as the plaintiff will receive the benefits of the survey in the first place, it is natural that he should pay the expenses of the same.

In view of all the foregoing, the judgment appealed from should be modified as indicated and the amendatory order reversed, the original pronouncement "without special imposition of costs" remaining in force.

*Judgment modified and order set aside.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.